Opinion by
Arnold, J.,
In this action for slander the verdict of the jury established that at a parking lot of the defendant its *634 employe stated to policemen, in substance, that the plaintiffs were getting ready to steal cars and were “casing,” i.e., looking over, the parking lot for that purpose. They were taken to the police station, held for some time, and then discharged. Plaintiffs conceded that the words were not slanderous per se, and that they were bound to show special damage. As special damage Mario Leonardo, a commercial artist, alleged that his employer discharged him because of the slander. Because the employer had the same surname, many persons believed that it was he who had been detained by the police. To prove special damage Mario called his employer. On objections, sustained by the court, this witness was not permitted to testify either why he discharged the plaintiff or that the slanderous words had been repeated to him. Mario recovered a verdict and •defendant appealed from the refusal of its motion for judgment n. o. v.
In the opinion filed, the court conceded that the ■objections to the testimony of the employer ought to have been overruled, but believed that there was still •enough testimony to permit the jury to find that the plaintiff was discharged because of the slander. We have carefully examined the evidence of all the witnesses and regretfully come to the conclusion that the verdict cannot be sustained. After the court below struck out, or directed the jury to disregard certain testimony, there was no evidence left to show that the plaintiff was •discharged because of the slander. While the employer, Bay Leonardo, was finally permitted to testify that he dismissed the plaintiff as a result of a conversation with his assistant superintendent, nevertheless the conversation itself was not admitted.[1]
*635 Defendant-appellant asks this Court to enter a judgment n. o. v. This we will not do, but instead will grant a new trial so that the plaintiff may place before a jury the evidence erroneously excluded. The court below stated that plaintiff employer ought to have been permitted to testify concerning the repetition of the slander and to give his reasons for the-discharge of the plaintiff; and that “[it] was unfortunately persuaded by the vigorous argument of defendant’s counsel to sustain objections which should have been overruled”, and that “In the interest of justice a new trial should, in such case, be granted of the court’s own motion rather than to permit the defendant to take advantage of errors prejudicial to the plaintiff.”
The judgment of the court below is reversed and a new trial granted.

 The plaintiff testified (24a) that his employer discharged him “because of the bad rumors spread about the whole neighborhood,” but the court directed the jury “not [to] pay any attention to that . . . remark of the witness.”